UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| TOMAS G. ESPINOLA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 1:23-cv-00087 |
| § | |
| GULF CREDIT UNION, § | With Jury Demand Endorsed |
| § | |
| Defendant. § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Tomas G. Espinola ("Plaintiff"), by and through counsel, for his Complaint against Defendant Gulf Credit Union ("Gulf CU" or "Defendant"), states as follows:

### I. INTRODUCTION

1. Defendant has engaged in willful, malicious, coercive, deceptive and harassing actions against Plaintiff in furtherance of Defendant's efforts to illegally collect from Plaintiff, *in personam*, a debt that was included and discharged in his bankruptcy. Plaintiff alleges that Defendant filed suit in state court in an effort to collect a debt discharged in Plaintiff's bankruptcy. Being served citation for the lawsuit in front of his wife and children caused Plaintiff grievous mental anguish and undermined the fresh start which was the primary benefit and purpose of Plaintiff filing bankruptcy.

2. Plaintiff claims Defendant violated the discharge injunction and other state and federal laws as follows: 1) Tex. Fin. Code § 392.001 *et seq.*, known as the Texas Debt Collection Act ("TDCA"); and 2) the discharge injunction of the United States Bankruptcy Court for the

Eastern District of Texas, Beaumont Division. Plaintiff seeks to recover from Defendant actual, statutory, and punitive damages, and legal fees and expenses.

## II. PARTIES

3. Plaintiff is a natural person residing in Jefferson County, Texas, and is a "consumer," as defined the TDCA, Tex. Fin. Code § 392.001(1).

4. Defendant is a credit union that may be served by delivering a summons to Stephine Adams, CEO or any officer of Gulf Credit Union at 5140 West Parkway, Groves, Texas 77619.

5. Defendant is a "creditor," "debt collector," and/or "third-party debt collector" under the TDCA, Tex. Fin. Code §§ 392.001(3), (6) and (7).

6. The debt Defendant was attempting to collect from Plaintiff was a "consumer debt" or "debt," as defined by TDCA, Tex. Fin. Code § 392.001(2).

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334, and 1367.

8. Venue is proper in this district because Defendant conducts business in this district, the Defendant's acts occurred in this district and Plaintiff filed his bankruptcy in this district.

## IV. FACTUAL ALLEGATIONS

**A.   The Subject Debt Was Included in Plaintiff's Bankruptcy Case.**

9. On August 11, 2021, Plaintiff filed a Chapter 7 bankruptcy in case No. 21-10254 ("Bankruptcy Case") in the Eastern District of Texas Bankruptcy Court, Beaumont Division ("Bankruptcy Court").

10. Plaintiff filed his Schedules and listed Gulf CU on Schedule E/F for an unsecured loan in the amount of $5,300 (the "Account"). The debt required Plaintiff to pay money arising

out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.

11. A true and correct copy of relevant portions of Plaintiff's Schedule E/F is attached hereto as Exhibit "A."

12. On or about August 14, 2021, the Bankruptcy Noticing Center for the Bankruptcy Court sent a copy of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines ("341 Notice") by first class mail to Defendant Gulf CU. The 341 Notice warned all creditors, in conspicuous language, against violating the automatic stay imposed by 11 U.S.C. § 362. The U.S. Postal Service did not return the 341 Notice sent to Gulf CU, creating a presumption it was received.

13. A true and correct redacted copy of the 341 Notice is attached hereto as Exhibit "B."

14. In addition to the Court's notice, in the weeks following the bankruptcy filing, Plaintiff talked to his Gulf CU representative and informed them of his bankruptcy directly, by telling them to call his bankruptcy lawyers, Barron & Barron. After the telephone conversation, Gulf CU ceased calling regarding the accounts and its other collection efforts and contacts regarding the account.

15. On October 31, 2021, Gulf CU reported to the TransUnion credit reporting agency that the status of the Account was ">Account Included in Bankruptcy<," with the remarks "Chapter 7 Bankruptcy; Contact Subscriber."

16. A true and correct copy of relevant portions of Plaintiff's January 31, 2023 TransUnion credit report is attached hereto as Exhibit "C."

17. On November 24, 2021, the Bankruptcy Court signed an order granting Plaintiff a discharge ("Discharge Order"). The Discharge Order followed Official Form 318, including the explanatory language contained therein. The Discharge Order discharged Plaintiff from any liability for the debt created by the Account. Included with the Discharge Order was an explanation of the general injunction prohibiting any attempt to collect discharged debts, warning all creditors, in conspicuous language, that "Creditors cannot collect discharged debts" and that "This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees."

18. On November 26, 2021, the Bankruptcy Noticing Center sent a copy of the Discharge Order to Gulf CU by first class mail. This transmission constituted notice to Defendant Gulf CU of the discharge granted in Plaintiff's Bankruptcy Case and the replacement of the automatic stay of 11 U.S.C. § 362 with the discharge injunction imposed by 11 U.S.C. § 524(a).

19. A true and correct redacted copy of the Discharge Order is attached hereto as Exhibit "D."

20. At no time during the pendency of Plaintiff's Bankruptcy Case did Gulf CU or any other person or entity object to or dispute the details or completeness of the claim on the Account listed on Schedule E/F of Plaintiff's Petition.

21. At no time did Plaintiff reaffirm any of the debt on the Account with any person or entity.

22. At no time did the Bankruptcy Court declare the debt on the Account to be non-dischargeable.

**B.     After the Debt Had Been Discharged, Defendant Attempted to Collect the Discharged Debt from Plaintiff, *in Personam*.**

23. After the debt on the Account was discharged as to Plaintiff's personal liability, while the discharge injunction was in effect, prohibiting all actions to collect on discharged debt from Plaintiff, *in personam*, Defendant engaged in debt collection activity to collect the discharged debt.

24. On or about January 23, 2023, Defendant filed suit against Plaintiff and his wife in the County Court at Law No. 1 of Jefferson County, Texas (the "County Court") in case no. 0138399 (the "Lawsuit") for a debt that had been included and discharged in Plaintiff's bankruptcy case.

25. A true and correct redacted copy of the Defendant's Original Petition in the Lawsuit is attached hereto as Exhibit "E."

26. At all relevant times, Defendant knew and had actual knowledge that Plaintiff was a debtor in a bankruptcy case, its debt had been discharged and he was protected from any direct or indirect collection acts from creditors and debt collectors whatsoever by virtue of the discharge injunction provided in 11 U.S.C. § 524.

27. Notwithstanding such knowledge, Defendant willfully continued to try to collect on the Account from Plaintiff *in personam* by filing suit and having Plaintiff and Plaintiff's wife personally served in front of their children.

28. Defendant was aware that its collection activities would and did damage Plaintiff and his ability to enjoy life and his fresh start guaranteed by the U.S. Bankruptcy Code.

## V. Grounds for Relief - Count I

### Texas Finance Code – Texas Debt Collection Act (TDCA)

29. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs, as if fully rewritten here.

30. Defendant has violated the Texas Finance Code in numerous ways, including, but not limited to, the following:

> a) Tex. Fin. Code § 392.301(a)(8). "THREATS OR COERCION. (a) In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices: ... (8) taking an action prohibited by law."

Inasmuch as the courts have held that the discharge injunction prohibits anyone from attempting to collect debts discharged in bankruptcy, Defendant has violated this provision of the TDCA by filing a lawsuit against Plaintiff in an attempt to coerce him into pay off the discharged Gulf CU debt.

> b) Tex. Fin. Code § 392.303(a)(2). "UNFAIR OR UNCONSCIONABLE MEANS. (a) In debt collection, a debt collector may not sue unfair or unconscionable means that employ the following practices: …(2) collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer."

Inasmuch as Defendant was attempting to charge interest and fees on the Account post-discharge, it violated this section of the TDCA.

> c) Tex. Fin. Code § 392.304(a)(8). "FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS. (a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices: ... (8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding."

Defendant Gulf CU has misrepresented to Plaintiff and the County Court that the Account, which had been discharged, was collectable and it had the right to collect on the Account. These were misrepresentations of the character, extent or amount of the subject debt and violated the TDCA.

> d) Tex. Fin. Code § 392.304(a)(12). "FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS. (a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices: ... (12) representing that a consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if a written contract or statute does not authorize the additional fees or charges."

Since 11 U.S.C. § 524 prohibits Defendant from attempting to collect on the discharged debt on the Account, as Plaintiff was no longer personally liable for it upon discharge, Defendant's representations to Plaintiff and to the County Court that he was responsible for post-discharge interest, fees and charges related to the Account violated this section of the TDCA.

> e) Tex. Fin. Code § 392.304(a)(13). "FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS. (a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices: ... (13) representing that a consumer debt will definitely be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if the award of the fees or charges is subject to judicial discretion."

The post-discharge Lawsuit at issue represents that Plaintiff owed Defendant for interest, expenses, and attorneys' fees that were continuing to accrue every month post-discharge. Since 11 U.S.C. § 524 prohibits Defendant from attempting to collect on the discharged debt on the Account, as Plaintiff was no

longer personally liable for it upon discharge, for the same reasons stated in the preceding paragraphs, Defendant violated this section of the TDCA.

    f)    Tex. Fin. Code § 392.304(a)(19). "FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS.  (a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices: … (19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer."

For the reasons stated in the preceding paragraphs (a - be, Defendant intentionally tried to coerce or deceive Plaintiff into paying the debt when Defendant knew the Account was discharged in Plaintiff's bankruptcy, rendering the debt legally uncollectable from Plaintiff *in personam*.

27.    Regarding Plaintiff's claim against Defendant under Tex. Fin. Code § 392.304(a)(8), all of Defendant's misrepresentations made to Plaintiff and the County Court about the character, extent, amount or status of the subject discharged debt were made by design to deceive Plaintiff into believing he was still personally liable for the discharged debt, and did in fact caused Plaintiff to have such belief.  Defendant's misrepresentations made to Plaintiff caused and resulted in him thinking differently about the character, extent, amount or status of the subject discharged debt.  After he received his bankruptcy discharge, Plaintiff believed he was no longer personally liable for the debt on the Account; however, Defendant's misrepresentations at issue, made him think perhaps his bankruptcy attorney made an error, or there was some issue about which he was unaware, that caused the debt to not be discharged in his Bankruptcy Case and he had to pay it.  Defendant's actions caused and exacerbated his mental anguish and emotional distress.

28. Under Tex. Fin. Code Ann. § 392.403, Defendant's actions make it liable for Plaintiff's actual damages, statutory damages, injunctive relief, costs, and reasonable attorney's fees. Also, Plaintiff's injuries resulted from Defendant's malice, actual fraud and/or willful and intentional misconduct, entitling Plaintiff to recover punitive damages.

29. Because of Defendant's conduct, Plaintiff was forced to hire counsel to pursue this action, and Plaintiff's recoverable damages include his reasonable attorney's fees incurred in prosecuting this claim.

## VI. Grounds for Relief- Count II

### Violation of the Discharge Injunction

46. Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above, as if set forth herein in their entirety.

47. At all material times, Defendant had actual knowledge of Plaintiff's Bankruptcy Case and of the discharge of the debt on the Account.

48. Post-discharge, Defendant Gulf CU attempted to collect the discharged debt by filing the Lawsuit to compel payment of the Account and having it served on Plaintiff, in violation of the discharge injunction.

49. Defendant's actions were willful acts in furtherance of its effort to collect the discharged debt from Plaintiff in violation of the discharge injunction imposed by 11 U.S.C. § 524(a). Further, Defendant's acts were harassing and attempts to coerce and deceive Plaintiff into paying the discharged debt. Defendant's failure to comply with the aforesaid laws, despite Defendant being on notice of Plaintiff's Bankruptcy Case and discharge and the effect of Plaintiff's discharge, illustrates Defendant's utter contempt for federal law and the discharge injunction.

50. The actions of Defendant constitute harassment and coercive and/or deceptive actions taken to collect a discharged debt from Plaintiff in gross violation of the discharge injunction imposed by 11 U.S.C. § 524(a)(1)-(3).

51. The facts and background stated above demonstrate that Defendant knowingly and willfully violated the orders and injunctions of the Bankruptcy Court issued in the bankruptcy filed by Plaintiff. After this *prima facie* showing by Plaintiff, the duty falls on Defendant to show, as its only defense, a present inability to comply with the orders and injunctions of the Bankruptcy Court, which inability must go beyond a mere assertion of inability. Failing a showing by Defendant of its present inability to comply with the orders and injunctions of the Bankruptcy Court, Plaintiff must prevail on his claims, and Defendant must be held liable for knowingly and willfully violating the orders and injunctions of the Bankruptcy Court. Any defense put forth by Defendant in this proceeding can only constitute a good faith exception, as no other reasonable explanation can be made for the conduct and actions of Defendant. Any allegation of a good faith exception should not be allowed.

52. Specifically, Defendant violated the part of the Bankruptcy Court's Discharge Order issued pursuant to 11 U.S.C. § 524(a)(2) that "operates as an injunction against the commencement, or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtors, whether or not the discharge of such debt is waived . . ."

53. There are no exceptions under 11 U.S.C. § 524, other provisions of the United States Bankruptcy Code, or other applicable law that would permit Defendant's conduct, which was in blatant disregard of the discharge injunction.

54. The orders and injunctions of the Bankruptcy Court cannot be waived, except by way of a properly filed and approved reaffirmation agreement, motion, stipulation or complaint, none of which occurred here. No waiver of the orders or injunctions of the Bankruptcy Court has occurred.

55. Also, there is no requirement of mitigation on the part of Plaintiff that is relevant to Defendant's violations of the orders and injunctions of the Bankruptcy Court. Any burdening of Plaintiff with an obligation to police the misconduct of Defendant would be a complete derogation of the law. It is well-settled that each party to an injunction or order of the Court is responsible for ensuring its own compliance with the injunction or order and for bearing the cost of compliance. Any attempt by Defendant to mount such a defense would constitute a collateral attack on the injunctions and orders of the Bankruptcy Court in this proceeding, which is prohibited. Any such defense put forth by Defendant in this case can only constitute a claim of mitigation, as no other reasonable explanation can be made for the conduct and actions of Defendant. No defense of failure to mitigate should be allowed.

56. Plaintiff has been injured and damaged by Defendant's actions, and Plaintiff is entitled to recover judgment against Defendant for actual damages and punitive damages, plus an award of costs and reasonable attorney's fees, for Defendant's violations of 11 U.S.C. § 524 and pursuant to the Court's powers under 11 U.S.C. § 105.

### VII. *Respondeat Superior* and Vicarious Liability

57. After a reasonable time to conduct discovery in this case, Plaintiff believes he will be able to show that all actions of Defendant's employees, agents, servants, or representatives were done in the line and scope of such individuals' (or entities') express or implied authority, through

employment, agency, or representation, which imputes liability on Defendant for all actions at issue under a theory of *respondeat superior* and/or vicarious liability.

### VIII. DAMAGES

58.     Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs, as if fully rewritten here.

59.     In addition to any damages previously stated hereinabove, the conduct at issue of Defendant has proximately caused Plaintiff past and future mental distress; insomnia; emotional anguish and a discernable injury to Plaintiff's emotional state; and other damages, evidence for all of which will be presented to the jury.  Moreover, dealing with the consequences of Defendant's actions has cost Plaintiff time and mental energy, which are precious to him.

60.     The conduct of Defendant has substantially frustrated the discharge injunction and has cost Plaintiff unnecessary time, effort and expense in seeking to enforce his rights to the protections of the discharge injunction.  As a result of the actions and inactions of Defendant, Plaintiff has been deprived of part of his fresh start and cannot look forward to a clear field for future endeavors.

61.     At all relevant times, Defendant knew, and it continues to know, that, pursuant to a discharge order granted by a U.S. Bankruptcy Court, debts included and discharged in bankruptcy are no longer legally collectable, but Defendant made a corporate decision, knowingly, willfully, maliciously, and contrary to its knowledge of bankruptcy law, to attempt to collect from Plaintiff *in personam* on the debt it knew was included and discharged in Plaintiff's Bankruptcy Case.

62.     Plaintiff believes that, after reasonable discovery in this case, he will be able to show that all actions taken by, or on behalf of, Defendant were conducted maliciously, wantonly,

recklessly, intentionally, knowingly, and/or willfully, with the desire to harm Plaintiff, and with the actual knowledge that such actions were in violation of the law.

63. Damages should be awarded in this case not only to compensate for the losses or injury presumed and sustained by Plaintiff, but also to coerce Defendant into compliance with the orders issued by this Bankruptcy Court and other bankruptcy courts in which Defendant may come into contact.

64. Neither cost-benefit analysis nor proportionality is allowed in determining any element of damages awarded with the exception of punitive damages sought.

65. An award of damages to cover the value of any loss, any out-of-pocket expenses or cost incurred, including the value of the personal time of Plaintiff in having to deal with the conduct of Defendant, and in having to participate in this proceeding is required.

66. Damages for Plaintiff's emotional distress and mental anguish caused by Defendant's violations of the Court's discharge injunction are recoverable, because actual damages include these types of economic and non-economic harm.

67. Plaintiff's emotional distress is significant in that it is not and was not fleeting, inconsequential or trivial from Plaintiff's perspective. This is evident from the fact that the filing of his Bankruptcy Case was Plaintiff's attempt to alleviate the otherwise insurmountable social and economic problems he faced, as well as preserve the dignity he held for himself. A failing in the effectiveness of the discharge injunction that was promised to Plaintiff caused him emotional distress and mental anguish that Plaintiff originally intended to halt to return and intensify.

68. This emotional distress and mental anguish is distinct from the anxiety and pressures inherent with filing bankruptcy, in that the bankruptcy process was intended to take the pressure off of Plaintiff from having to deal with the very actions and conduct of Defendant

complained of here, and therefore, the actions and conduct of Defendant cannot be deemed inherent in the bankruptcy process.

69. Due to Defendant's conduct, Plaintiff was forced to hire counsel, and his damages include reasonable attorney's fees incurred in prosecuting his claims.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Tomas G. Espinola prays the Court:

A. Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, and reasonable and necessary attorney's fees for Defendant's violations of the TDCA and for violations of the discharge injunction,

B. Find that appropriate circumstances exist for an award of punitive damages to Plaintiff,

C. Award Plaintiff pre-judgment and post-judgment interest as allowed by law, and

D. Grant such other and further relief, in law or equity, to which Plaintiff might show he is justly entitled.

Respectfully submitted,

*/s/ James J. Manchee*
James J. Manchee
State Bar Number 00796988
jim@mancheelawfirm.com
MANCHEE & MANCHEE, PC
5048 Tennyson Parkway, Suite 250
Plano, Texas 75024
(972) 960-2240 (telephone)
(972) 233-0713 (fax)

COUNSEL FOR PLAINTIFF

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

| | |
|---|---|
| March 2, 2023 | */s/ James J. Manchee* |
| Date | James J. Manchee |